**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Shauna Lambert** | **Case No.** |
| **90 Orchard Knoll Drive** | |
| **Cincinnati, OH 45215,** | **Judge** |
| | |
| **Plaintiff,** | **PLAINTIFF'S COMPLAINT WITH** |
| | **JURY DEMAND ENDORSED** |
| **vs.** | |
| | |
| **City of Cincinnati** | |
| **c/o Andrew Garth, Acting City Solicitor** | |
| **801 Plum Street, Suite 214** | |
| **Cincinnati, OH 45202,** | |
| | |
| **and** | |
| | |
| **Mayor John Cranley** | |
| **Cincinnati City Manager** | |
| **801 Plum Street** | |
| **Cincinnati, OH 45202,** | |
| | |
| **and** | |
| | |
| **Paula Boggs Muething** | |
| **Cincinnati City Manager** | |
| **801 Plum Street** | |
| **Cincinnati, OH 45202,** | |
| | |
| **and** | |
| | |
| **Cincinnati Chief of Police Eliot Isaac** | |
| **Cincinnati Police Department** | |
| **310 Ezzard Charles Dr.** | |
| **Cincinnati, OH 45202,** | |

       **Defendants.**

Now comes Plaintiff, Shauna Lambert ("Plaintiff"), by and through counsel, and for

her Complaint against Defendants states as follows:

**PRELIMINARY STATEMENT AND PARTIES**

1.      This is a damages action: (A) under 42 U.S.C. §2000e, *et. seq.*, Title VII of the Civil Right Act of 1964, as amended, against the Defendant for sex discrimination and harassment, retaliation, and conspiracy to discriminate, harass, and retaliate stemming from ongoing harassing, discriminatory and retaliatory conduct; and (B) for harassment, retaliation, and conspiracy to discriminate, harass, and retaliate stemming from ongoing harassing, discriminatory, and retaliatory conduct endured at work by Plaintiff Shauna Lambert from May 2019, through October 2019, at which time she received and started a 60-day suspension.

2.      Plaintiff Shauna Lambert was an adult female individual and a citizen of Ohio, and was employed by Defendant, City of Cincinnati, as a Police Sergeant in District Five. Plaintiff is an "employee" within the meaning of 42 U.S.C. §5000e(f) and O.R.C. §3121.89(B).

3.      Defendant, City of Cincinnati, was a duly chartered municipality within the State of Ohio. This Defendant is an "employer" within the meaning of U.S.C. §2000e(b) and O.R.C. §3121.89(C).

4.      Defendant, John Cranley, is the Mayor of the City and has executive authority over the City and authority over sworn members of the Cincinnati Police Department.

5.      Defendant, Paula Boggs Muething, is the City Manager of the City and the appointing authority for sworn members of the Cincinnati Police Department.

6.      Defendant, Eliot Isaac, is the Chief of Police for the City and has direct supervisory authority over sworn members of the Cincinnati Police Department.

**JURISDICTION AND VENUE**

7.      Plaintiff filed charges with the Equal Employment Opportunity Commission on November 4, 2019.  See attached Exhibit A.

2

8.     The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter on December 28, 2020, which was received by the Plaintiff on or about January 3, 2021. The Plaintiff has exhausted all required administrative remedies prior to commencing this action. See attached Exhibit B.

9.     Subject matter jurisdiction over the claims and causes of action asserted by Plaintiff in this case is conferred on this Court pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §1331, 28 U.S.C. §1343, and other applicable law.

10.     Venue in this district is proper pursuant to 28 U.S.C. §1391 and other applicable law.

**FACTUAL BACKGROUND**

11.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein and further allege as follows:

12.     Plaintiff has been employed by Defendant for a number of years and was subjected to an extensive pattern of harassment by Lieutenant Deborah Bauer ("Bauer") that started in approximately May of 2019.

13.     Since May of 2019, Bauer has enforced discipline and rules upon Plaintiff that she has not enforced on any of Plaintiff's male counterparts.

14.     Plaintiff requested off day changes for May 26, 2019 and May 27, 2019 and both of those days were denied because a first shift supervisor would have been left by themselves.

15.     Both of the days listed in preceding paragraph were in conjunction with Plaintiff's vacation pick of May 12, 2019 to May 25, 2019.

16.     No supervisor had picked the vacation week of May 26, 2019 to June 1, 2019 and therefore, the granting of the dates listed in preceding paragraph would not have interfered with anyone else's vacation pick.

17.     In contrast to Plaintiff's request, her male counterparts', Sergeant Matthew Hassert ("Hassert") and Sergeant Jeff Scholl ("Scholl"), were both let off on March 23, 2019, leaving Sergeant Bradley White by himself on that date.

18.     Sergeant Hassert's vacation pick did not begin until March 24, 2019, yet his off day change request for March 23, 2019 was granted by Bauer.

19.     In reference to sick days, Bauer stated to Plaintiff that if she took off more than three sick days, she would need to produce a doctor's note.

20.     The rule stated in the preceding paragraph that was enforced on Plaintiff has never applied to the officers or the other four male supervisors working under Bauer's direct command.

21.     On May 7, 2019, Plaintiff called off sick from work with a cold and was off sick for four days.

22.     On May 12, 2019, Plaintiff began a previously scheduled two-week vacation.

23.     In reference to the sick days described in the preceding paragraph, Bauer made statements to Hassert and Sergeant Bradley White ("White") that Plaintiff was lying about being sick and was only trying to increase her vacation time.

24.     Prior to his previously scheduled vacation time, White took three days off sick and Bauer never made any derogatory statements regarding his use of sick days followed by an immediate vacation.

4

25.     While Plaintiff was on vacation in May of 2019, Bauer changed Plaintiff's "off day group" without any notice or conversation with the Plaintiff.

26.     Plaintiff found out about the changes described in preceding paragraph upon her return to work on May 27, 2019.

27.     Plaintiff had already made her vacation picks for the year in January of 2019 and had other off duty details schedule for June of 2019 that were interfered with due to this change in "off day group".

28.     Plaintiff was the only sergeant to have her "off day group" changed and Bauer informed her that this was the only way to rebalance the "off day groups".

29.     Plaintiff informed Bauer of an alternative rebalancing of the "off day groups", but Bauer disagreed.

30.     Plaintiff provided Bauer with a document demonstrating  an alternative rebalancing of the "off day groups".

31.     In retaliation for the Plaintiff not calling her directly to take off sick, Bauer changed the Plaintiff's "off day group".

32.     Bauer informed Plaintiff that she was upset she did not call her to take off sick on May 7, 2019 and Bauer was left to work by herself.

33.     Bauer was off duty at the time Plaintiff called in to take off sick and per procedure, Plaintiff spoke to the on-duty supervisor.

34.     Bauer made it clear that all sergeants assigned to her must call her directly to call off sick.

35.     The rule described in the preceding paragraph is not required by the Department and Plaintiff has personal experience in taking calls from other sergeants when they needed to take off sick.

36.     On various occasions in July of 2019, Plaintiff worked her regular shift without assistance from any other sergeants being offered.

37.     When other male sergeants were scheduled to work alone, Bauer offered overtime to other relief sergeants to report and assist the sergeant working alone.

38.     Bauer never offered overtime to relief sergeants when the Plaintiff was scheduled to work alone and furthermore, Bauer never offered overtime to Plaintiff to report and assist other sergeants working alone.

39.     Plaintiff is the only senior sergeant on the relief, but Bauer only offered overtime to the other three male sergeants.

40.     On July 23 and 24, 2019, Bauer changed Plaintiff's start time from 5:00 A.M. to 6:00 A.M. without notifying the Plaintiff.

41.     On July 23, Plaintiff arrived to work at 5:00 A.M. and noticed the changes to her start time.

42.     Due to scheduled doctor's appointments on both July 23 and 24 that would be affected because of the changes, Plaintiff coordinated with second shift supervision to rectify the situation and ensure proper supervision was around at all necessary times.

43.     When Bauer returned to work on July 25, 2019, she noticed the adaptations made by Plaintiff and permanently changed all of her future start times to 6:00 A.M.

44.     While Plaintiff was on her off days, Bauer sent her a text message and email stating that her new start time was effective immediately.

6

45.     On August 14, 2019, Plaintiff received a written reprimand for three different Cincinnati Police Department rule violations for details on June 6, 7, and 8, 2019.

46.     The first rule violation was for not logging into a dispatch system for three details.

47.     Plaintiff provided printed proof to Bauer that she was logged on for all of those details, but Bauer disagreed and refused to eliminate this false charge.

48.     The other rule violations were for Plaintiff not having her Body Worn Camera ("BWC") in a standby status mode during her entire 10-hour shift and during any details she worked.

49.     Plaintiff noted the reason for the BWC getting out of standby mode is that it is impossible for the BWC to stay charged for that long without being recharged.

50.     When the BWC is being recharged, it will not stay in standby mode status.

`   51.     Turning the BWC off to preserve battery is common practice and all three of the male sergeants under Bauer have done this while they have worked details.

52.     Plaintiff is the only sergeant that has been disciplined for this common practice.

53.     On October 5, 2019, Plaintiff became aware of comments being made by Bauer to other sergeants regarding her written reprimand.

54.     This open discussion of Plaintiff's written reprimand represents a violation of her personal privacy and Plaintiff is aware of no such discussions involving any of her male counterpart's employment status and potential reprimands.

55.     On October 10, 2019, Bauer and Captain Craig Gregoire ("Gregoire") ordered Plaintiff to attend a meeting with them.

56.     During this meeting, many of the above-referenced events were discussed and Bauer continued to deflect or alter her reasoning behind the changes and decisions that only directly impacted the Plaintiff.

57.     While there are other instances of discriminatory conduct by Bauer, the above-referenced events present a clear picture of the hardship and discrimination that the Plaintiff has faced under Bauer's supervision.

**COUNT I: DISCRIMINATION**

58.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein and further allege as follows:

59.     The facts as alleged herein constitute direct evidence of discrimination in violation of 42 U.S.C. §2000e, *et. seq*.

60.     In the alternative, at all times herein, Plaintiff was a woman, and as such, was a member of the protected class of individuals under 42 U.S.C. 2000e, *et. seq*.

61.     Plaintiff was qualified for her job with the Cincinnati Police Department at all times herein or otherwise performing her job in a manner which should have met the reasonable expectations of the Defendant.

62.     Plaintiff suffered intentional discrimination and faced unwarranted disciplinary actions as the result of her status within the protected class.

63.     Furthermore, other individuals outside of Plaintiff's protected class employed by the Defendant were treated more favorably, were not harassed, and were not subject to the same disciplinary measures.

64.     As a proximate result of Defendant's actions as set forth above, Plaintiff has suffered and continues to suffer damages and losses, including but not limited to loss of

income, benefits, and other valuable job rights. Plaintiff has suffered from and continues to suffer from emotional distress all for which she should be compensated.

65.     The above actions by the Defendant constitute unlawful discrimination in violation of 42 U.S.C. §2000e, *et. seq*., rendering Defendant liable for injunctive relief, equitable relief, and damages, including attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a.

## COUNT II: PUNITIVE DAMAGES

66.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein and further allege as follows:

67.     The facts as alleged herein demonstrate that the Defendant engaged in a discriminatory practice or practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

68.     As a result, Defendant's actions warrant the imposition of punitive damages under 42 U.S.C. §1981a and other applicable law.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a.  For all back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole, and compensate her for the civil rights violations described above;

b.  For compensatory damages, not otherwise included in back pay and pre-judgment interest and fringe benefits, including emotional damages, liquidated damages, injunctive relief, including the removal of any and all derogatory information regarding Plaintiff found in any employment file or otherwise;

c. For Plaintiff's costs herein expended, including reasonable attorney's fees;

d. For an award of punitive damages;

e. For sufficient injunctive relief, enjoining future violations of federal anti-discrimination law by Defendant;

f. For trial by jury on all issues so triable; and

g. All other relief as this Court finds just and proper.

**JURY DEMAND**

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

Respectfully submitted,

*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)
Trial Attorney for the Plaintiffs
Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 45202
T: 513/651-2121
F: 513/651-2131
zg@zgottesmanlaw.com

Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 473-2020-00085 |

| Ohio Civil Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Shauna Lambert** | **(513) 652-4368** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **90 Orchard Knoll Drive, Cincinnati, OH 45215** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CINCINNATI POLICE DEPARTMENT** | **500 or More** | **(513) 569-8500** |

| Street Address | City, State and ZIP Code |
|---|---|
| **801 Plum Street, Cincinnati, OH 45202** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**10-10-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I have been discriminated against by Lieutenant Deborah Bauer because of my sex (female). Lt. Bauer treats my male peers, Sgt. Matthew Hassert, Sgt. Bradley White, Sgt. Richard Antwine and Sgt. Jeff Scholl more favorably in all aspects of employment. In May 2019, I was denied day off changes because the first shift supervisor would have been left by themselves. I am aware that Sgt. Hassert and Scholl were permitted time off which left Sgt. White by himself. I am required to provide a doctor's note if I take more than 3 days of sick leave; however, the same rule does not apply to my male peers. Lt. Bauer makes derogatory comments about me including telling my male peers that I lied about being sick (May 2019). Lt. Bauer moved my off-day group without notice and while I was on vacation. Despite being the most senior Sergeant, I was the only one whose off-day group was moved for "rebalancing". By moving my off-day group and requiring two supervisors to work with me at all times, she has limited my ability to request extra time off. Two supervisors must be scheduled to work at all times, but that includes me in that number....not TWO to work. Lt. Bauer offers overtime to my male peers so they don't work alone. However, I have routinely work my regular shift without assistance. Lt. Bauer does not offer me overtime to assist the other Sergeants when they are scheduled to work alone. In July 2019, Lt. Bauer changed my start time from 0500 to 0600 permanently. Despite being the highest in seniority, I was the only one whose hours changed. On August 14, 2019, I was issued an official written reprimand for violating three different department rules; not having my Body Worn Camera on "standby" and for taking a department vehicle home. I am aware that my male peers

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11/4/19 _____ *Shauna J. Lambert*<br>Date        Charging Party Signature | RECEIVED<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>NOV 04 2019 |

U.S. EEOC
Cincinnati Area Office

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 473-2020-00085 |

| | |
|---|---|
| **Ohio Civil Rights Commission** | and EEOC |
| *State or local Agency, if any* | |

have committed the same offenses, particularly not having the Body Worn Camera on standby but haven't been disciplined. My male peers have committed the same offense of not having their Body Worn Cameras on, but not taking the car home. I showed her printed proof I was logged onto the 3 details in question, but she refused to make changes to the reprimand eliminating the inaccurate violation. Lt. Bauer discussed my reprimand with my male peers. I was on vacation from September 3 through October 4, 2019. While I was on vacation, my male peers reviewed the daily citations. On October 10, 2019, I met with Captain Craig Gregoire and Lt. Bauer and complained about being treated unfairly and the inaccuracies of the discipline. After Cpt. Gregoire left the meeting, Lt. Bauer informed me she was tired of all the "games" I played and because the daily citations had not been checked from October 4 through October 7, 2019, leaving 64 citations to be checked. My male peers were working during this same time frame but were not addressed about the citations; we are equally responsible for reviewing the citations. My male peers were working during this same time frame, but they were not accused of playing games when the citations failed to be checked. Their failure to check the citations was considered forgetful on their behalf, but intentional on mine. We are equally responsible for reviewing the citations.   On October 11, 2019, I requested corrections to the reprimand. Due to the discipline, I received a 60-day detail suspension. However, Lt. Bauer didn't start the detail suspension at the time of my discipline; instead, she began the 60-day suspension when I returned from leave in October 2019.

II.   **Lt. Bauer is responsible for the discriminatory treatment.**

III.   **I believe I have been discriminated against due to my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/4/19<br>Date          *Shauna J. Lambert*<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (11/2020)

Exhibit B

### U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

| | |
|---|---|
| To: **Shauna Lambert**<br>**90 Orchard Knoll Drive**<br>**Cincinnati, OH 45215** | From: **Cincinnati Area Office**<br>**John W. Peck Fed. Bldg**<br>**550 Main Street,  Suite 10-191**<br>**Cincinnati, OH 45202** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **473-2020-00085** | **Amy M. Trzop-Vos,**<br>**Investigator** | **(513) 914-6008** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Ramiro Gutierrez**
**Area Office Director**

12/28/2020
*(Date Issued)*

cc: **Julie F. Bissinger**
**City of Cincinnati**
**801 Plum Street**
**Room 214**
**Cincinnati, OH 45202**

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***